Curia, per Waedlaw, J.
Looking to the English practice, it is clear that the plaintiff would, in the King’s Bench, be held to have lost all claim to the costs which preceded the payment, and that the defendant, being-liable to no judgment or attachment, would be at liberty to have judgment and execution for all his costs. Kabell vs. Hudson, and Stevenson vs. Yorke, 4 T. R. 10. But the rule seems to be otherwise in the Common Pleas. Muller vs. Hartshorne, 3 Bos. & Pul. 556; Wilton vs. Place, 2 Ib. 56. There the plaintiff is, from force of the acknowledgment of liability made by the defendant in the very act of paying, deemed to be, in all events, entitled to costs up to the time of the money being paid in. The course seems to be, upon the plaintiff’s failure to recover, to direct, upon *65 motion and rule, that the costs should be taxed for the plaintiff up to the time of payment, and for the defendant afterwards, and that after setting off one against the other, the balance should be paid by the party indebted. Heartley vs. Bateson, 1 T. R. 629.
The practice of the King’s Bench is more consistent with an exact construction of the terms in which an order for payment of money into court is regularly made. “That defendant shall have leave to bring into court the sum he moves to pay in; and that unless plaintiff accept such money in full discharge, with costs to be taxed by the master, the sum brought in shall be paid out of court to the plaintiff or his attorney, and the amount thereof be struck out of the declaration and no evidence given thereof at the trial.” Perhaps the result would be beneficial if costs were never to be taxed unless the sum paid in were accepted in full discharge; so that the plaintiff, in doubtful cases, might be induced to accept, rather than incur the hazard of paying all costs by proceeding. But when it is remembered that in either of the courts of Westminster the plaintiff may ' take the money out and have his costs up to the time of payment, if he make the application at any time before the trial, (1 Sel. Prac. 287,) and that formerly the practice was for the defendant to get the costs taxed and tender the amount when he paid the money in, (1 Sel. 291,) there seems to be no sufficient "reason, either of consistency or policy, for departing from the equitable rule, that he who has, by his acknowledged indebtedness, rendered the suit necessary, should pay the costs up to the time of his full payment.
Our case of Hinchie vs. Foster, 4 McC. 253, although the point was not, perhaps, necessary to the decision, declares that where the defendant gets the leave of court, after action brought, to pay money into court, it is always upon condition that he pays the costs then due. The plaintiff here may have rested upon that opinion. In conformity with it, and with the practice in Westminster, the court might, upon rule, direct that the defendant should tax against the plaintiff only the costs which have accrued since the money was paid in, and that of his recovery, the *66 defendant should enter a remittitur of so much as would pay the costs preceding. But with us costs are due to the officers of court, and they would obtain nothing by setting off the liability of one party against that of the other-
It is, therefore, ordered that a new trial be granted, unless the defendant will pay all costs up to the time the money was paid into court, including the commissions of the clerk, and tax against the plaintiff only the costs which have accrued since.
And, as a general rule to be observed in all future cases, it is ordered that every order for payment of money into court, whether so expressed or not, be understood to be made on condition that the party desiring to make the payment procure the taxation of costs up to the time of payment, and pay all such costs, including the clerk’s commissions ; and that the clerk give no receipt for the sum ordered to be paid in, until all such costs be paid to him, or to the persons entitled to receive the same; and that, if the plaintiff should take the money out of court, before final determination of the suit has been ordered, the clerk shall, in the receipt to be taken for the money, require such plaintiff to say, for information of the defendant, whether he accepts the money in full discharge of the action, or takes it with the intention of proceeding further.
Richardson, O’Neall, Evans, Butler and Frost, JJ. concurred.